```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
KENNETH SATTERFIELD,                 :    14 Civ. 0627 (JCF)
                                     :
              Plaintiff,             :
                                     :
     - against -                     :
                                     :
JESUS M. MALDONADO and LINDEN        :
YELLOW CAB INC.,                     :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
PAUL VANEDEN,                        :    14 Civ. 3374 (JCF)
                                     :
              Plaintiff,             :    MEMORANDUM
                                     :    AND  ORDER
     - against -                     :
                                     :
LINDEN YELLOW CAB, INC. and JESUS    :
M. MALDONADO,                        :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/10/16

In this personal injury action concerning an automobile accident, plaintiff Kenneth Satterfield[1] has filed a motion in limine seeking to preclude presentation during trial of the following: (1) evidence of Mr. Satterfield's 2012 conviction for petit larceny in violation of New York Penal Law § 155.25; (2) evidence of Mr. Satterfield's 1985 conviction for manslaughter in violation of New York Penal Law § 125.20; and (3) Mr. Satterfield's driving abstract and record expansion.  The motion is granted.

A motion in limine allows the trial court "to rule in advance

---

[1] On August 31, 2015, I granted summary judgment for the defendants as to plaintiff Paul Vaneden's claims. Satterfield v. Maldanado, __ F. Supp. 3d __, __, 2015 WL 5098103, at *16 (S.D.N.Y. 2015).

1

of trial on the admissibility and relevance of certain forecasted evidence." Banushi v. Palmer, No. 08 CV 2937, 2011 WL 13894, at *1 (E.D.N.Y. Jan. 4, 2011). Like most questions about the admissibility of evidence, the decision whether to grant a motion in limine is entrusted to the discretion of the trial court. See, e.g., Thomas v. O'Brien, 539 F. App'x 21, 21-22 (2d Cir. 2013). However, evidence should be excluded only when there is no possibility that it will be admissible at trial, and even then, the court's ruling "is 'subject to change when the case unfolds, particularly if the actual [evidence] differs from what was [expected.]'" Banushi, 2011 WL 13894, at *1 (second alteration in original) (quoting Luce v. United States, 469 U.S. 38, 41 (1984)).

    Rule 609 of the Federal Rules of Evidence addresses the admissibility of evidence of a criminal conviction for the purpose of attacking a witness' character for truthfulness. The rule requires admission of such evidence if "establishing the elements of the crime required proving -- or the witness's admitting -- a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Mr. Satterfield served as the get-away driver in a shoplifting incident and was convicted of petit larceny, for which he was sentenced to a term of less than one year in prison. "With respect to convictions for larceny, [the Second Circuit] ha[s] held that '[courts] will look beyond the elements of the offense to determine whether the conviction rested upon facts establishing dishonesty or false statement.'" United States v. Estrada, 430 F.3d 606, 614 (2d Cir. 2005) (quoting United States v. Payton, 159 F.3d 49, 57 (2d

Cir. 1998)). A conviction for shoplifting, even where the convicted person "take[s] elusive action to avoid detection," does not generally "involve falsity or deceit such as to fall within the ambit of Rule 609(a)(2)." Id. The defendants' argument that a shoplifting conviction necessarily "involves a dishonest act as it involves an element of deceit or untruthfulness" (Memorandum of Law in Opposition to Plaintiff's Motion In Limine ("Def. Memo.") at 2) flies in the face of Second Circuit precedent and, indeed, would likely require admission of evidence of almost any conviction. See Estrada, 430 F.3d at 614 ("While much successful crime involves some quantum of stealth, all such conduct does not, as a result, constitute crime of dishonesty or false statement for the purpose of Rule 609(a)(2).").

Although Rule 609(a)(2) does not require admission of the conviction, it still may be admitted under Rule 403 of the Federal Rules of Evidence. Fed. R. Evid. 609, advisory committee's note to 1990 amendments ("The amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant."). Determination of whether the probative value of such evidence "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403, is "left to the sound discretion of the district court." Estrada, 430 F.3d at 620-21. Typically, courts look to such factors as the impeachment value of the crime, its remoteness in time, the similarity between the crime and the conduct at issue, and the importance of the credibility of the witness. Celestin v. Premo, No. 9:12-CV-301, 2015 WL 5089687, at *2 (N.D.N.Y. Aug. 27, 2015). Here, the impeachment value of the crime is minor and the conviction is years old. Moreover, there is a danger that the jury will interpret the conviction, which involves Mr. Satterfield functioning as a get-away driver, as indicating a predilection for unsafe or reckless driving. Therefore, although Mr. Satterfield's credibility will likely be an important part of the case, I find the danger of prejudice significantly outweighs the probative value of evidence of the conviction, and the evidence is precluded.

As to the manslaughter conviction, Rule 609(b) "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Such evidence is excluded unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Here, Mr. Satterfield was released from his term of imprisonment for the crime in March 1988. Inmate Information for Kenneth Satterfield, New York State Department of Corrections and Community Supervision, http://nysdoccslookup.doccs.ny.gov/kinqw00 (last visited March 9,

4

2016).[2]  The defendants have presented no "specific facts and circumstances" to show that the conviction's probative value substantially outweighs its prejudicial effect.  Instead, they argue that they should be able to use evidence of the conviction to undercut the "implication that his lack of employment since the subject accident is solely related to the accident." (Def. Memo. at 4).  However, as the defendants admit, Mr. Satterfield has not claimed lost earnings in this action (Def. Memo. at 4), so I am at a loss to understand how this supposed "implication" is at all relevant.  Moreover, the defendants' notion that Mr. Satterfield's felony conviction contributed to his failure to secure employment is not supported by <u>any</u> evidence, but appears to be based merely on the impression that "if one is a felon, employers may determine not to hire a prospective employee solely on that basis." (Def. Memo. at 4).  Evidence of Ms. Satterfield's manslaughter conviction is precluded.

Finally, the plaintiff asks that evidence of Mr. Satterfield's driving record be precluded.  Evidence of a litigant's past driving record is "inadmissible . . . to prove character or propensity for negligent driving." <u>Williams v. Boulevard Lines, Inc.</u>, No. 10 Civ. 2924, 2013 WL 5652589, at *9 (S.D.N.Y. Sept. 30, 2013).  The defendants seek to present the abstract of Mr. Satterfield's driving record and a notice of the suspension of his license for

---

[2] The plaintiff indicates that Mr. Saterfield served four years in prison and was released in approximately 1989. (Motion in Limine at 7-8).  That appears to be a misstatement, but, in any case, it has no bearing on the analysis here.

impeachment purposes, noting that at his deposition, the plaintiff testified, apparently falsely, that his license was in good standing at the time of the accident. (Def. Memo. at 5). That is, the defendants would like to present extrinsic evidence to establish that Mr. Satterfield lied at his deposition. Under Rule 608(b) of the Federal Rules of Evidence, this evidence is inadmissible to the extent that it is intended to show that Mr. Satterfield has a penchant for untruthfulness. Fed. R. Evid. 608(b) ("Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."); United States v. James, 609 F.2d 36, 46 (2d Cir. 1979) ("[Rule 608(b) is] intended to regulate only the use of specific instances of conduct to prove that the witness is a 'bad person' or is a generally untruthful person who should not be believed."). Moreover, the fact that Mr. Satterfield's license was suspended due to a failure to pay a traffic ticket is not relevant to any substantive issue in this case. See Jones v. Poole, No. 05-CV-0886, 2010 WL 1949599, at *29 n.9 (W.D.N.Y. May 13, 2010) ("The trial court properly determined that evidence of Petitioner's license suspension was irrelevant to the issue of whether he recklessly operated his motor vehicle on [the date of the relevant incident]."); White v. Molinari, 160 A.D.2d 302, 303, 553 N.Y.S.2d 396, 397 (1st Dep't 1990) ("[T]he license suspension was clearly irrelevant to the issues of negligence and proximate cause . . . ."); cf. People v. Caban, 14 N.Y.3d 369, 374-75, 901

N.Y.S.2d 566, 568-69 (2010) (allowing admission of evidence of license suspension in criminal case where suspension based on conduct similar to that of which defendant accused). Therefore, extrinsic evidence offered for impeachment on this collateral issue may also be excluded. United States v. Purdy, 144 F.3d 241, 245-46 (2d Cir. 1998) ("Extrinsic evidence offered for impeachment on a collateral issue is properly excluded."); Calderon v. Keane, No. 97 Civ. 2116, 2002 WL 1205745, at *12 (S.D.N.Y. Feb. 21, 2002) ("Under state, as well as federal law, 'extrinsic evidence cannot be used to impeach a witness on a collateral issue.'" (quoting Dawson v. Donnelly, 111 F. Supp. 2d 239, 249 (W.D.N.Y. 2000))), report and recommendation adopted, 2003 WL 22097504 (S.D.N.Y. Sept. 9, 2003). Evidence of Mr. Satterfield's driving record, including evidence that his license has been suspended, is precluded.

Conclusion

For the foregoing reasons, the plaintiff's motion in limine (Docket No. 82) is granted.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         March 10, 2016

Copies transmitted this date to:

Nicholas Warywoda, Esq.
Parker Waichman LLP
6 Harbor Park Dr.
Port Washington, NY 11050

Howard B. Schnitzer, Esq.
Kafko Schnitzer, LLP
7 Hugh J. Grant Circle
Bronx, NY 10462

Lindsay J. Kalick, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Ave.
White Plains, NY 10604

Eugene T. Boulé, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E. 42nd St.
New York, NY 10017